IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JESSIE E. CALLICUT                                                                                    PLAINTIFF

v.                                                                                       No. 3:24-cv-00003-MPM-JMV

SAFECO INSURANCE COMPANY OF ILLINOIS                                          DEFENDANT

## ORDER

This cause comes before the court on its own motion, staying this case on the basis of the first-to-file rule. The parties in this uninsured motorist ("UM") action have submitted briefing regarding Defendant Safeco's motion to dismiss on the basis of that rule, and it seems clear from that briefing that the parties are in substantial agreement on important points. In particular, Plaintiff does not seriously dispute that the first-to-file rule applies in this case, nor could he reasonably do so. Indeed, Plaintiff concedes that, on July 31, 2023, he filed an action in Georgia federal court against Safeco, as well as an alleged Georgia tortfeasor, arising out of the same automobile accident at issue in this case. *Callicut v. Harvey*, No. 1:23-cv-00121-LAG1 (M.D. Ga. 2023). This action, by contrast, was not filed in Mississippi state court until August 8, 2023, and it was later removed to this court. This plainly renders this case the second-filed one, and, as discussed below, Plaintiff concedes that this court has the discretion to take certain actions which are consistent with this fact.

It has long been recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs. *See e.g.*, *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180 (1952); *Covell v. Heyman*, 111 U.S. 176, 182 (1884). "As between federal district courts, . . . the general principle is to avoid duplicative litigation." *Colo. River Water Conservation Dist. v. United States*,

1

424 U.S. 800, 817 (1976). The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result. *See, e.g.*, *Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93 (9th Cir. 1982). It is well established that, to avoid these ills, a district court may, pursuant to the first-to-file rule, either stay, dismiss or transfer an action where the issues presented can be resolved in an earlier-filed action pending in another district court involving substantially similar issues. *See, e.g.*, *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 730 (5th Cir. 1985).

In opposing Defendant's motion to dismiss, Plaintiff acknowledges that this court has "discretion to deny the motion, or dismiss without prejudice, stay or transfer the case." [Brief at 5]. These are, as quoted above, the same remedies listed by the Fifth Circuit as applying under the first-to-file rule, and it thus appears that Plaintiff tacitly concedes the applicability of that rule in this case. That leaves as the only issue for this court's resolution the question of which of the above remedies is most appropriate in this case. In concluding that a stay is in order, this court notes that Defendant writes in its reply brief that:

> Plaintiff argues the Georgia action should proceed in Mississippi. Even if Plaintiff is correct, the Georgia District Court should decide this issue. "The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." Plaintiff has also offered no evidence that the Georgia court is incapable of applying Mississippi law. The most efficient path would be for Plaintiff to continue litigating his case in Georgia and asking the Georgia court to transfer the case to Mississippi if and when the Georgia defendant is dismissed.

[Reply brief at 3-4].

This court agrees with Defendant's argument in this regard, but its concession that Plaintiff's claims against it may ultimately be litigated in Mississippi cuts against its argument that this action should be irrevocably dismissed. Indeed, Plaintiff represents in his brief that his claims

2

against the individual defendant in the Georgia action have recently been settled, [brief at 2] and it thus appears that a dismissal of that defendant will be forthcoming. This court presumes that, at that point, a motion to dismiss or transfer will be filed in the Georgia action. This strikes this court as entirely appropriate since, under the first-to-file rule, the Georgia court is the one which has ultimate authority to determine the proper disposition of this litigation. Moreover, given that Defendant concedes the possibility that the Georgia court will decide that this case should go forward in Mississippi, this court concludes that the proper course of action is to stay this action pending the Georgia court's decision. This approach allows this court to "keep its powder dry" and react to all possible rulings by the Georgia court. Given that this case will be stayed, this court will dismiss the pending motions in this matter, without prejudice to the arguments therein being raised at a later date.

It is therefore ordered that this case is stayed pending the Georgia court's clarification of the status of the case before it. Defendant's motion to dismiss [8-1] and Plaintiff's motion to amend [16-1] are hereby dismissed without prejudice. Plaintiff's motion for time [10-1] is dismissed as moot.

**SO ORDERED** this the 13th day of March, 2024.

/s/Michael P. Mills  
**UNITED STATES DISTRICT JUDGE**  
**NORTHERN DISTRICT OF MISSISSIPPI**

3